Good morning and welcome to the Ninth Circuit. Judge Gould and I are very pleased to welcome Judge Rakoff from the Southern District of New York who has sat with us before and we're happy to welcome you back. Well it's a great privilege always to be sitting here but the real reason I came out here as I was telling Judge Gould is because I wanted to see the Well it's perfect weather but maybe not everything can be perfect. We have a couple of cases submitted on the briefs and the first case for argument this morning will be United States v. Wilke. One moment if you don't mind. Okay. You may proceed. Thank you. Good morning Your Honor, I'm Judge Rakoff. I'm with the Federal Public Defender's Office and I represent Mr. Justin Wilke. I will watch the clock but I do hope to reserve about two minutes for rebuttal. I thought that I would use my time here this morning to focus on the first of the three errors that we identified in the Court's analysis of the Acceptance of Responsibility Guideline, specifically his references to the expenditure of government resources. And in that vein, I particularly wanted to highlight a couple aspects of the Hernandez case which was raised in our 28-J response to the government's 28-J which I trust the Court received and was filed yesterday. Hernandez is instructive for a couple reasons. First, in my opening brief I said that the Ninth Circuit hadn't really opined on this topic before and whether the Court could consider it. And it's now clear that that was an error. The Ninth Circuit has said clearly that a district court cannot consider the expenditure of government resources kind of on its own. And I think that's important here because the government's response to many of our arguments is that the district focused on timeliness rather than on expenditure of resources. And what I when in Hernandez this court said that the court may deny a sentencing reduction because of a lack of contrition despite the increased costs imposed upon the defendant's choice to remain silent or proceed to trial but may not deny the reduction because of that choice. The court drew a connection between timeliness and I understand the court's meaning is evidence of lack of contrition then of course it is relevant to the court's determination of the person's eligibility for acceptance of responsibility. But when the person when the timeliness is related only to the exercise of not only but appears to be related to the exercise of a constitutional right then the timeliness can't be considered can't be held against the defendant. And as I read the the transcript I direct the court's ER 28 what the judge here said what Judge Settle here said was that the government quote had to prepare so it wasn't timely. And in that way the judge draws the connection between the timeliness and the need to prepare and not the timeliness and that and Mr. Wilkie's contrition. So I guess your point is that of course the court can determine whether there really truly was an acceptance of responsibility. We all agree on that. Yes. And timeliness could figure into that. Yes. But your argument is that the timeliness here became intertwined with the government government's need to spend more time money and resources. What I take yes your honor what I take the court to be saying when he said the government had to prepare so it wasn't timely is that he took the timeliness as the he assessed the relevance of the timeliness as in terms of the government's need to prepare in terms of the expenditure of government resources and he underscored that again I to two pages earlier at ER 26 when he just when the judge described his just just so I understand where your argument is going though. So if I understand your argument if we send it back and the judge says yep I'm going to now look at to whether he was really contrite or not and I find he was only sorry he was caught and nothing else. So I'm going to sentence him to six months more than I did the first time. You would have no objection to that right. Oh I think the court can assume I would have an objection. Well I mean the point is that would be consistent with the theory you're now assessing you're now advancing right. I think the court could I think there are other potential problems with that including of course the presumption of indictiveness and so forth but I do think that that what we are asking the court to do is to is to ask the court to assess Mr. Wilkie's eligibility for the guideline under the under the correct legal standard and not in terms of the government's expenditure of resources. So when the court says but but but as I understand your theory it is that the judge erred because he only focused on expenditure of government resources which is really about the third point and not on genuine acceptance of responsibility which is what the other two points are about and I just want to make sure though that that means that if the judge then does say you're right and I'm now going to look at whether it was a genuine acceptance responsibility and I find it wasn't and I'm going to therefore increase the sentence that would be totally consistent with your theory right. Well honestly your honor I'm not entirely sure how to answer that question because what happened is the judge denied the the the acceptance responsibility guidelines so he would end up at the same if he if he analyzed the guidelines he would now have a new factual finding namely if the guy lied. I'm this is unlikely I admit right but the I just want to make sure I understand what you're implicitly conceding uh if we send this case back. Well thank you your honor. I what's interesting about the record here is that I think the judge really did analyze the acceptance of responsibility that the client's factual acceptance of responsibility. He noted for example that he would take that into account in his 3553a analysis. He talked about the and he did give a non-guideline sentence. He did give a non-guideline in sentence. He then he he commended the Mr. Wilkie's acceptance of responsibility allocution. He talked about Mr. Wilkie's. So then why isn't this harmless error? Well it's not harmless error because this court has held in a case most recently in a case called Prigan or Prigan P-R-I-G-A-N-8-F-4-1-15 that for the court's calculation to be harmless the district court quote must explain among other things the reason for the extent of a variance from the correct guideline range and this court actually addressed this this issue on bonk in a case called Munoz Camarena from 2011 where it talks about for example when a judge there's a footnote five that has a list of non-exhaustive circumstances under which acceptance or responsibility might be harmless but there are things like when he calculates when the judge calculates the guidelines twice and they're overlapping so that for example they they just don't ultimately affect it but it says even when the judge says I would give him the same sentence anyway even if the guidelines was different that that that doesn't solve the problem. But if it goes back and the too little too late and I'm kind of looking at the timing here he doesn't talk then about the government's time for preparing or what it invested and it just says and I'm not really factoring that in he would be within his discretion to make that kind of determination correct? I think that I think the court could I think the court won't but could conceivably conclude that he didn't believe that that he thought the timeline has reflected a lack of contrition and genuine acceptance responsibility and I don't I hope that the court won't do that I don't think it would be supported by the record but we would not have at least this argument to make if the court were to do that. Counsel if I may interject a question. Of course Judge. If we agree with you that the district court did not handle acceptance of responsibility correctly then I assume the remedy would be on that point would be to vacate and remand for re-sentence. I think so yes. Any direction to address that maybe with a direction to address that issue under the proper standards but just in legal theory so here's my question if we if we do that and we've vacated and remanded for re-sentencing isn't a district judge able to re-sentence setting you know as long as it follows the law and does not could be greater or could be less. I think it in legal theory as the court says that's that's true I think there are guardrails of course on on remand related to the presumption of vindictiveness you and I I see I'm down to 30 seconds and I only go through half of my first point but I I do appreciate the court's uh uh well it's the main point so yes all right thank you. If Judge McEwen will give a little extra time assuming that we were to vacate the sentence and remand on your first point uh do we need to reach your second and third points or or do we uh is there going to be a an issue with duplication of decision making on those? I think the court often says you know because we're remanding and there will be a sentencing you know we we discuss these issues for the and you know to the extent they may be helpful to this court and we certainly would would be happy to get that kind of direction from from your honors but I think that they are independent grounds so the necessarily have to do that. Thank you. Thank you. Thank you. Good morning your honors. May it please the court. William Dreher for the United States. Let me pick up then with uh what opposing counsel just mentioned about his first claim and this question of what the district court did in terms of assessing the defendants the timeliness of the defendants attempt at acceptance and I think it is appropriate to consider the Hernandez case that was cited in the 28-J response a few days ago. This court considered the Hernandez case and the impact of that case in a later subsequent case United States versus Valdez which is at 4 F 4th 886 and we think that that case along with the cases that it cites from the ninth circuit sets out a very clear expression of this circuit's case law in terms of how a district court can and cannot consider the fact that a defendant went to trial and what those cases say is that it of course a district court may not penalize a defendant for going to trial and therefore he it cannot create a per se rule a binary if you went to trial you can't receive acceptance if you don't go to trial you're eligible for acceptance but and and to be clear there's there's no evidence that the district court in this case was saying any defendant who goes to trial cannot receive acceptance unlike in the Hernandez case where there were repeated references to you know the roll of the dice and things like that but the fact that a defendant went to trial uh is this is in the Valdez Lopez case a relevant consideration and it is not reversible error for a court to note the fact that a defendant went to trial so long as the court bases its ultimate determination on the record and the facts yeah but this is what we explored uh with his counsels that may be when it goes if it were to go back and we could unscramble the egg and find out well it's really this delay and decision to go to trial and all those circumstances unrelated to what the government was doing we'd have a different case but it's like it's the decision to do it you know at trial and the government and so how do we we can't really disaggregate that that's the difficulty so what would be the harm then of just sending it back for resentencing well i would say two things uh in response to that so the first is that the district court of course did exactly what this court the template that this court set out in the mckinney case which is it said i have a post-trial defendant uh who didn't um you know who attempted to accept responsibility sort of mid-trial after opening let me go back and look per the guidelines commentary at his pre-trial conduct and statements the court did not uh you simply rely on on what happened at trial but searched the pre-trial record for any evidence including specifically the evidence the only evidence cited by the defendant in support of this uh this adjustment which were these two pre-trial letters and the court did not find them to be persuasive now the only way to read that is maybe i'm missing the point here uh which my wife says i do regularly but uh the uh the language that the district court used here was the language of the third point he didn't talk about the things you're talking about now he didn't talk about going to trial he didn't talk about other factors what the district court said was quote by the time the defense conceded culpability at the beginning of trial the government had been required to prepare for trial on all counts uh there was no stipulation of the facts that would have precluded much of the evidence that the government needed to produce close quote that's all about that's that's comes close to being verbatim what the third point is about not what the other two points are about so if i can just say two things in response to that so the first is that's not the way that the government reads this record and it's not the way it thinks that the court should read anytime the district court talks about those kinds of things in a post-trial case so to be clear the two cases that the defense cites about this third point and the discussion of what that third point means all of that from the second and sixth circuit all of the discussion in those cases is about how to treat pre-trial pleas that come close to trial so in other words uh where the government preparation for trial is very clearly an isolated factor because there was no actual trial and in fact those cases say unlike a defendant who pleads guilty pre-trial for whom you can't hold against them the fact that the government was preparing for trial except as to the third point we would treat differently both cases say we would treat differently a defendant who pled tried to plead guilty you know on the eve of trial or didn't plead guilty and tried to accept responsibility mid or late trial the hollis case actually says the relevant deadline for 3e 1.1 is trial so very different considerations apply for defendants who actually went to trial versus those who had a pre-trial plea and that third point discussion there's no case are you saying that there's no way you can demonstrate acceptance of responsibility for something that you still go to trial on even though you tell the jury in your opening statement of course he's guilty of this but you say unless he has formally entered a plea of guilty that he cannot possibly qualify for acceptance of responsibility that's not the law of the circuit is it and that's not the government's position and and that's not um what the we think the mckinney case that the gov that the defendant cited really sets out the template here for what to do in that event what the district court must do is search the rest of the record for evidence of contrition the district court clearly did that in this case and found no other evidence of contrition in fact as the government had pointed out below and the district court specifically cited the government's briefing uh on this point even if it didn't discuss all the responsibility for the counts of conviction prior to trial and it's that kind of search of the record that comes not surprising i mean most defendants do do uh i apologize do uh do admit deny ah indeed but when a defendant does that it you know of the 13 cases let me i'll put it this way of the 13 cases that the defendant cites in his opening and reply brief that apply 3e 1.1 and discuss its principles not a single one involved a defendant who had no pre-trial record of contrition every single one of them had either involved either a pre-trial guilty plea or a confession by the defendant assistance to law enforcement statements to law enforcement admitting factual guilt and the the second point that i was going to say to your honor earlier with respect to how to read this record is each of the points that there's really no reason to conclude that what the district court here was focused on was you know myopically focused on expenditure of resources for two reasons one it said that actually what it was focused on was timeliness that's the commentary that it cited and later at er 28 it said i'm finding that it wasn't timely but but second and this is important for example the reference to a stipulation there was no stipulation prior to trial of the facts in this case a stipulation prior to trial is an by the defendant a truthful admission of the facts underlying his criminal offenses so when the district court says you showed up to trial you waited until the government showed its cards and you never once made any kind of stipulation or other factual admission of any of your criminal conduct prior to trial that's going to weigh very heavily against the defendant when evaluating acceptance of responsibility and it's a perfectly permissible factor under the guidelines commentary and this court's cases for the court to say not once prior to trial did you agree to any of the facts uh even with respect to those counts of conviction may i also ask are you still pursuing this argument that the standard of review is plain error uh well we do think that the that the what the um the defendant belows uh that his arguments below were very specific that he cited exclusively you know his pre-trial statements and that he obviously did not raise with the district court any concern about the court's conclusion as to the the timeliness of his um of of his concession in in opening statement so we do that he said i i note our objection to the court's guidelines they differ from the ones we proposed particularly with respect to acceptance of responsibility and we have case law that says if you make that kind of general objection you're not necessarily stuck on appeal with the actual theory or the underlying challenge you can be more specific so it would seem to me that there's not really plain error review and unless i'm missing something here well i do think that it's a it is certainly a close question on these kinds of cases when uh in terms of figuring out whether the defendant has truly raised that claim below but i would note that this is exactly the case where a contemporaneous objection would have the defense now focuses on which is what the defendant wants to do is read a phrase that could just be a reference and we think in this context given the court's other comments clearly is just a reference to the fact that he went to trial and therefore his acceptance was untimely let's say it's very hard for me to see uh why this court is being even burdened with this case the judge clearly indicated in everything but this particular calculation his recognition of the defendant's acceptance of responsibility in a non-technical sense and he gave him a non-guideline sentence so the reality is that he looked at the broad picture and wasn't really concerned with the arithmetic niceties of the esteemed guidelines and by contrast it's hard to see given what he did why the government really cares uh the but i understand all your broad matters of principle which of course are very important yes your honor i i appreciate if i may briefly respond i i hear and that the court clearly took into consideration and gave him that downward variance at the end um that being said it is important uh that district courts in cases where a defendant has gone to trial that they'd be permitted to continue to follow this this circuit's case law indicating that that's a relevant consideration and if there's no evidence of pretrial contrition um there's no case that the defense has cited indicating that um that that is is sufficient to show to for the defense to meet their burden of clearly demonstrating acceptance thank you thank you we'll put a minute back on the clock so you'll have some time please thank you very much i i'll be very uh brief then um first uh i guess addressing my um colleagues uh points in reverse order uh he he has raised uh the fear or the concern that magic that district courts will not be able to adjust for acceptance responsibility if uh for defendants who go to trial and that's a theme throughout his brief when he suggests that defendants will engage in gamesmanship and so forth but again i think that the hernandez case addresses that when it says that the real concern is that future defendants will plead guilty not to accept responsibility but to accept the son but to escape the sentencing uh judge's wrath that's at 11 12 and in a case in a world now where virtually everybody goes uh pleads guilty and where the use of mandatory minimums to pressure people to plead you know to take deals is uh you know widespread i think that that is that's that's a real concern i disagreed that the record suggests that he searched for pre for evidence of pretrial uh contrition he he mentioned a couple things and said they don't count and with respect to the willingness to plead the court has said in a number of cases that i have present uh that a willingness to plead earlier is a relevant consideration um and and also to the extent that the government is arguing that the you know sort of relevant deadline is trial uh or that uh somebody who who hasn't demonstrated things sort of pre-trial is precluded from the 3e 1.1 adjustment um we think that is both inconsistent with the court's uh jurisprudence which makes clear that that enacted you know evidence of contrition all the way up until the day of sentencing could justify it but then also is um probably waived because the government hasn't made that hasn't argued with the uh legitimacy of the uh of of the prohibition on the consideration of the government of the waste of resources they just distinguish we have your argument in mind and you've exceeded your time thank you in a case just argued of united states versus wilkie is submitted
judges: McKEOWN, GOULD, Rakoff